UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

OMAR ORLANDO JACKSON,

                    Petitioner,          12 Civ. 5190 (JGK)

       - against -             MEMORANDUM OPINION AND
                                   ORDER
ERIC HOLDER, ATTORNEY GENERAL, ET
AL.

                    Respondents.
────────────────────────────────────

JOHN G. KOELTL, District Judge:

    The petitioner, a native of Jamaica, entered the United
States on March 7, 2003, with authorization to remain until June
6, 2003.  (Decision to Continue Detention, May 22, 2012, Pet.
8.)  The petitioner remained in the United States beyond his
authorized period without authorization and was ordered removed
from the United States.  The petitioner was taken into custody
by Immigration and Customs Enforcement ("ICE") on April 28,
2009.  (Pet. 2.)  On June 18, 2012, the petitioner filed this
petition for a writ of habeas corpus.  The petition alleged
jurisdiction pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1331, the
APA, 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28
U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1361.
The petitioner challenged the lawfulness of his detention for
more than six months from the date of his final removal order,
October 27, 2011.  (Pet. 3-4.)  The petitioner sought an order
(1) granting his petition for release from custody and (2)

declaring that his continued detention violated the Immigration
and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101 et seq.,
and/or the Fifth Amendment to the United States Constitution.
(Pet. 5.)

On July 26, 2012, the petitioner was removed from the
United States.  (See Reddy Letter, Sept. 24, 2012, Ex. A.)  The
Respondents have submitted a copy of the Warrant of
Removal/Deportation of the Department of Homeland
Security/Immigration and Customs Enforcement verifying the
petitioner's removal.  (Id.).  The Respondents now move to
dismiss the petition as moot.

The petitioner sought release from detention pursuant to 28
U.S.C. § 2241.  Section 2241(c)(1) provides that district courts
may consider habeas petitions from prisoners "in custody under
or by color of the authority of the United States."  The "in
custody" requirement is satisfied if the petitioner filed the
habeas petition before being deported.  See So v. Reno, 251 F.
Supp. 2d 1112, 1120 (E.D.N.Y. 2003); Gonzalez v. INS, No. 01
Civ. 6229, 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002)
(petitioner satisfies "in custody" requirement of 28 U.S.C. §
2241 so long as he is in physical custody at the time the
petition is filed even if later deported).

However, the Court is without power to consider a habeas
petition unless it presents a "case or controversy" within the

2

meaning of Article III of the Constitution.  U.S. Const. art.

III, § 2;  Gonzalez, 2002 WL 31444952, at * 3 (citing Spencer v.

Kemna, 523 U.S. 1, 7 (1998)).  "'[A] case is moot when the

issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome.'"  Cnty. of L.A. v.

Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack,

395 U.S. 486, 496 (1969)); N.Y.C. Emps.' Ret. Sys. v. Dole, 969

F.2d 1430, 1433 (2d Cir. 1992).  "When a habeas petitioner

challenges solely his detention, but is subsequently released

prior to removal, courts routinely dismiss the petition as moot,

finding no persisting case in controversy."  Karamoke v. U.S.

Homeland Security, No. 09 Civ. 4089, 2009 WL 2575886, at *1

(S.D.N.Y. Aug. 20, 2009) (citation omitted); Davies v. Goffman,

No. 09 Civ. 7224, 2010 WL 2834834, at *1 (S.D.N.Y. July 19,

2010); Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001)

("A habeas corpus petition seeking release from (INS) custody is

moot when the petitioner is no longer in (INS) custody."); see

also Pierrilus v. U.S. Immigration & Customs Enforcement, 293

Fed. App'x 78, 79-80 (2d Cir. 2008).  In this case, the

petitioner was removed from the United States and is no longer

"in custody."  Therefore, insofar as the petitioner requested to

be released from custody, the petition no longer presents a live

controversy and is moot.

The petitioner also sought a declaratory judgment that his continued detention was not authorized by the INA and/or violated the Fifth Amendment.  (Pet. 5.)  When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the petitioner has the burden to demonstrate that there is a "concrete and continuing injury" that is a "collateral consequence" of the detention and can be remedied by granting the writ.  So, 251 F. Supp. 2d at 1120 (quoting Spencer, 523 U.S. at 7).  The petitioner has not sought damages of any kind.  The petitioner did not challenge the final order of removal, but only the length of his detention, as unlawful.  However, any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order.  See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (habeas petition seeking declaratory judgment that petitioner in custody should have been given a bond hearing rendered moot by the petitioner's subsequent release); see also Guan Zhao Lin v. Holder, 10 Civ. 4316, 2010 WL 3377591, at *1 (S.D.N.Y. July 29, 2010) ("Because Petitioner challenged the legality of his detention — as opposed to the removal order itself — he alleged no 'concrete and continuing injury' collateral to his detention.") (citation omitted), adopted 2010 WL 3377511, at *1 (S.D.N.Y. Aug. 23, 2010).

4

An order granting the petitioner's request for declaratory relief would have no effect on the final order of removal and "cannot remedy the collateral consequences of [the final order of removal]." So, 251 F. Supp. 2d at 1124.  Therefore, the petitioner's request for declaratory judgment that his continued detention violated the INA and/or the Fifth Amendment is also moot.

## CONCLUSION

For the reasons explained above, the respondents' motion to dismiss the petition is **granted**.  The petition for a writ of habeas corpus is **dismissed as moot**.  **The Clerk is directed to close this case.**

SO ORDERED.

Dated:     New York, New York
           September 27, 2012

                                    John G. Koeltl
                              United States District Judge