```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
OMAR ORLANDO JACKSON,

                    Petitioner,           12 Civ. 5190 (JGK)

         - against -                      MEMORANDUM OPINION AND
                                          ORDER
ERIC HOLDER, ATTORNEY GENERAL, ET
AL.

                    Respondents.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The petitioner, a native of Jamaica, entered the United States on March 7, 2003, with authorization to remain until June 6, 2003. (Decision to Continue Detention, May 22, 2012, Pet. 8.) The petitioner remained in the United States beyond his authorized period without authorization and was ordered removed from the United States. The petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on April 28, 2009. (Pet. 2.) On June 18, 2012, the petitioner filed this petition for a writ of habeas corpus. The petition alleged jurisdiction pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1331, the APA, 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1361. The petitioner challenged the lawfulness of his detention for more than six months from the date of his final removal order, October 27, 2011. (Pet. 3-4.) The petitioner sought an order (1) granting his petition for release from custody and (2)

declaring that his continued detention violated the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101 et seq., and/or the Fifth Amendment to the United States Constitution. (Pet. 5.)

On July 26, 2012, the petitioner was removed from the United States. (See Reddy Letter, Sept. 24, 2012, Ex. A.) The Respondents have submitted a copy of the Warrant of Removal/Deportation of the Department of Homeland Security/Immigration and Customs Enforcement verifying the petitioner's removal. (Id.). The Respondents now move to dismiss the petition as moot.

The petitioner sought release from detention pursuant to 28 U.S.C. § 2241. Section 2241(c)(1) provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." The "in custody" requirement is satisfied if the petitioner filed the habeas petition before being deported. See So v. Reno, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003); Gonzalez v. INS, No. 01 Civ. 6229, 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (petitioner satisfies "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if later deported).

However, the Court is without power to consider a habeas petition unless it presents a "case or controversy" within the

meaning of Article III of the Constitution.  U.S. Const. art. III, § 2;  Gonzalez, 2002 WL 31444952, at * 3 (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); N.Y.C. Emps.' Ret. Sys. v. Dole, 969 F.2d 1430, 1433 (2d Cir. 1992).  "When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy."  Karamoke v. U.S. Homeland Security, No. 09 Civ. 4089, 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009) (citation omitted); Davies v. Goffman, No. 09 Civ. 7224, 2010 WL 2834834, at *1 (S.D.N.Y. July 19, 2010); Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody."); see also Pierrilus v. U.S. Immigration & Customs Enforcement, 293 Fed. App'x 78, 79-80 (2d Cir. 2008).  In this case, the petitioner was removed from the United States and is no longer "in custody."  Therefore, insofar as the petitioner requested to be released from custody, the petition no longer presents a live controversy and is moot.

3

The petitioner also sought a declaratory judgment that his continued detention was not authorized by the INA and/or violated the Fifth Amendment. (Pet. 5.) When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the petitioner has the burden to demonstrate that there is a "concrete and continuing injury" that is a "collateral consequence" of the detention and can be remedied by granting the writ. So, 251 F. Supp. 2d at 1120 (quoting Spencer, 523 U.S. at 7). The petitioner has not sought damages of any kind. The petitioner did not challenge the final order of removal, but only the length of his detention, as unlawful. However, any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order. See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (habeas petition seeking declaratory judgment that petitioner in custody should have been given a bond hearing rendered moot by the petitioner's subsequent release); see also Guan Zhao Lin v. Holder, 10 Civ. 4316, 2010 WL 3377591, at *1 (S.D.N.Y. July 29, 2010) ("Because Petitioner challenged the legality of his detention — as opposed to the removal order itself — he alleged no 'concrete and continuing injury' collateral to his detention.") (citation omitted), adopted 2010 WL 3377511, at *1 (S.D.N.Y. Aug. 23, 2010).

4

An order granting the petitioner's request for declaratory relief would have no effect on the final order of removal and "cannot remedy the collateral consequences of [the final order of removal]." So, 251 F. Supp. 2d at 1124. Therefore, the petitioner's request for declaratory judgment that his continued detention violated the INA and/or the Fifth Amendment is also moot.

## CONCLUSION

For the reasons explained above, the respondents' motion to dismiss the petition is **granted**. The petition for a writ of habeas corpus is **dismissed as moot. The Clerk is directed to close this case.**

SO ORDERED.

Dated:   New York, New York
         September 27, 2012

_____
John G. Koeltl
United States District Judge